**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**RANDOLPH JONES,**

                **Plaintiff,**

      **v.**                                      **5:13-cv-01425**

**ONONDAGA COUNTY RESOURCE**
**RECOVERY AGENCY and its Fifteen**
**Member Executive Board as Aider and**
**Abettor, *et al.*,**

                **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**THOMAS J. McAVOY**
**Senior United States District Judge**


## DECISION and ORDER

### I.    INTRODUCTION

      Plaintiff commenced this action *pro se* asserting claims pursuant to Title VII of the

Civil Rights Act of 1964 ("Title VII"); Section 296 of the New York State Human Rights Law

("NYSHRL"); and 42 U.S.C. §§ 1981 and 1983.  Defendants have moved to dismiss all of

Plaintiff's claims pursuant to Fed. R. Civ. P. 12, <u>see</u> Dismissal Mot., dkt. # 18, to which

Plaintiff has filed a response. <u>See</u> Res. to Dismissal Mot., dkt, # 20.  Defendants have also

moved for sanctions against Plaintiff pursuant to Fed. R. Civ. P. 11, <u>see</u> Sanctions Mot.,

dkt. # 21, to which Plaintiff was granted permission to file a late response.[1]  For the

reasons that follow, Defendants' motion for dismissal is granted in part and denied in part,

and their motion for sanctions is denied.

-------------------

[1]Plaintiff is advised to consult the Local Rules of the Northern District regarding filing requirements
inasmuch as, absent extraordinary circumstances, Plaintiff will not be granted similar permission in the future
to file late papers.

## II.     BACKGROUND

Plaintiff is an African-American male employed at  Defendant Onondaga County Resource Recovery Agency ("OCRRA").  OCRRA is a public benefit corporation created by the State of New York with responsibility for managing Onondaga County's solid waste. The individual Defendants are employees and current or former Board members of OCRRA.  This is Plaintiff's third federal court action against OCRRA, its individual employees, and current or former Board members, alleging that Defendants discriminated against him based on his race in regards to the terms and conditions of his employment.

In October 2008, Plaintiff filed his first lawsuit alleging that OCRRA and the individual defendants discriminated against him by not assigning him as a substitute plant operator and by disciplining him based on his inappropriate conduct toward his supervisor. That action, Jones v. OCRRA et al., 5:08-cv-1045 (FJS/GHL) ("Jones I"), was litigated to conclusion and dismissed by Decision and Order dated March 31, 2011.

On February 1, 2011, during the pendency of Jones I, Plaintiff filed his second federal court complaint, Jones v. OCRRA, et al., 5:11-cv-00113 (FJS/TWD) ("Jones II"). Defendants moved for summary judgment in that action.  Plaintiff submitted an affidavit in opposition to defendants' motion which included allegations of continued discrimination and retaliation.  Defendants assert that Plaintiff argued facts in this affidavit which he now complains of in this action.  The Hon. Frederick J. Scullin granted defendants' motion and dismissed Jones II by Memorandum-Decision and Order dated September 23, 2013. See Jones v. Onondaga County Resource Recovery Agency, 973 F. Supp.2d 159 (N.D.N.Y. 2013).

During the pendency of <u>Jones II</u>, Plaintiff filed his third administrative complaint with the New York State Division of Human Rights ("NYSDHR") on December 10, 2012. The administrative complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Defendants contend that Plaintiff attached as exhibits to his administrative complaint numerous litigation documents from <u>Jones II</u>, including the aforementioned affidavit.

The NYSDHR investigated the administrative complaint and issued a Determination and Order After Investigation on June 4,2013, finding NO PROBABLE CAUSE to believe that unlawful discrimination had occurred. The EEOC issued Plaintiff a Right to Sue Letter on August 16, 2013.

Plaintiff commenced the instant action on November 15, 2013 ("<u>Jones III</u>"). He alleges five causes of action as follows: (1) "discriminatory, disparate treatment and hostile work environment" under Title VII; (2) "discriminatory, disparate treatment and hostile work environment" under Title VII; (3) retaliation under Title VII; (4) a violation of the Equal Protection Clause of the Fourteenth Amendment, brought pursuant to Section 1983; and (5) discrimination, disparate treatment, and hostile work environment under the New York Executive Law. Although Plaintiff asserts in his introductory paragraph that he brings the instant action pursuant to, *inter alia*, 42 U.S.C. § 1981, <u>see</u> Compl. ¶ 1, he does not provide a cause of action directed to a Section 1981 claim. As indicated above, Defendants move to dismiss all of Plaintiff's claims.

## III.    STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement

of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964 (2007)(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In reviewing the sufficiency of a complaint, the Court "must accept as true all of the factual allegations contained in the complaint." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 n. 1, 122 S. Ct. 992, 152 L. Ed.2d 1 (2002). However, a court may disregard those pleadings that are "no more than conclusions" and determine whether the remaining factual allegations "plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663–64, 679, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 556).

Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id</u>. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Id.</u> at 1965. "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" <u>Id</u>. at 1965 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).

A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." <u>Ashcroft</u>, 129 S. Ct. at 1949. Legal conclusions must be supported by

factual allegations.  Iqbal, at 1950.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (quoting Twombly, 550 U.S. 557) (internal quotations omitted).  The standard pursuant to Fed. R. Civ. P. 12(c) is identical to that under Rule 12(b)(6).  Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).

When assessing the sufficiency of a complaint against this backdrop, particular deference should be afforded to a *pro se* litigant whose complaint merits a generous construction by the Court when determining whether it states a cognizable cause of action. Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'")(quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (internal quotations omitted)).  In the event of a perceived deficiency in a *pro se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim might be stated. Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir.1991); see also Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

## IV.     DISCUSSION - DISMISSAL MOTION

### a.  Plaintiff's Opposition to the Dismissal Motion

In opposition to the dismissal motion, Plaintiff submits a one page document that complains about Defendants' compliance with the Local Rules relative to the motion but which does not address the substantive merits of Defendants' motion.  Plaintiff's Local Rules challenges are without merit.  For instance, Plaintiff asserts that "Defendants counsel has failed to provide a Motion subsequent to filing a Notice of Motion, as per Local Rule 7.1 (h)."   However, the Court's Docket indicates that Defendants filed not only a Notice of Motion seeking dismissal of this action, see dkt. # 18, but also a memorandum of law; an attorney affidavit; numerous exhibits consisting of Plaintiff's complaints in this and the two prior actions, Plaintiffs administrative complaint in this action, the Memorandum-Decision and Orders issued in the two prior actions; and a certificate of service. See id. ## 18-1 to 18-11.

Plaintiff's failure to respond to the merits of the pending dismissal motion does not preclude the Court from ruling on the motion.  See, e.g., White v. Mitchell, No. 99-CV-8519, 2001 WL 64756, at *1 (E.D.N.Y. Jan. 18, 2001).  Such a motion tests only the legal sufficiency of  Plaintiff's Complaint; accordingly, since Plaintiff has been afforded a reasonable opportunity to respond to the merits of the motion, but has failed to avail himself of that chance, the Court can now determine the Complaint's sufficiency as a matter of law based on its own reading of the Complaint and knowledge of the case law. McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000).

**b.  Title VII Claims Against the Individual Defendants**

Defendants first argue that Plaintiff's Title VII claims against the individual Defendants should be dismissed as a matter of law. The Court agrees.

It is well established that individuals may not be sued under Title VII.  <u>Patterson v. County of Oneida, NY</u>, 375 F.3d 206, 221 (2d Cir. 2004); <u>Wrighten v. Glowski</u>, 232 F.3d 119, 120 (2d Cir. 2000).  Moreover, where a plaintiff names both the municipal entity and an official in his or her official capacity, district courts within the Second Circuit have consistently dismissed the official capacity claims as redundant. <u>See</u>, <u>Jones II</u>, Sept. 23, 2013 Memorandum-Decision and Order, p. 11.  Accordingly, all Title VII claims brought against the individual Defendants are dismissed with prejudice.

**c.  Lack of Jurisdiction over Plaintiff's State Law Discrimination Claims**

Next, Defendants argue to the Court lacks jurisdiction over Plaintiff's state law discrimination claims due to Plaintiff's election of remedies. The Court agrees.

New York Executive Law § 297(9) provides that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . <u>unless</u> such person had filed a complaint hereunder."  N.Y. Exec. Law § 297(9)(emphasis added).  "[New York Executive Law § 297(9)] deprives federal courts of subject matter jurisdiction where a plaintiff previously elected to proceed in an administrative forum."  <u>Chudnovsky v. Prudential Sec., Inc.</u>, 2000 WL 1576876, at *4 (S.D.N.Y. Oct. 23, 2000).  Thus, "[o]nce a complainant elects the administrative forum by filing a complaint with the Commission on Human Rights, that becomes the sole avenue of relief, and subsequent judicial action on the same complaint is generally barred . . . ."

Moodie v. Fed. Reserve Bank of N.Y., 58 F.3d 879, 884 (2d Cir.1995).[2]  "Furthermore,

once a plaintiff brings a case before the NYSDHR, he or she may appeal only to the

Supreme Court of the State of New York."  York v. Ass'n of Bar of City of New York, 286

F.3d 122, 127 (2d Cir. 2002) (citing N.Y. Exec. Law § 298).

Because Plaintiff's NYSDHR complaint was dismissed based on a finding of "no

probable cause," this Court lacks subject matter jurisdiction to consider Plaintiff's New

York Human Rights Law claims based on the same acts raised with the NYSDHR.  Jones

v. Onondaga County Res. Recovery Agency, 2011 WL 1298774, *6 (N.D.N.Y. Mar. 31,

2011);  DeWald v. Amsterdam Housing Authority, 823 F. Supp. 94, 99 (N.D.N.Y. 1993).

Accordingly, all NYSHRL claims asserted in this matter are dismissed with prejudice.

### d.  *Res Judicata* **and/or Collateral Estoppel**

Defendants next argue that the remaining claim should be dismissed pursuant to

the doctrines of *res judicata* and/or collateral estoppel because "[t]he enumerated causes

of action are allegations taken verbatim from the complaint in Plaintiff's previously litigated

action." Def. MOL, p. 10, see id. p. 22 ("A comparison of paragraphs 20, 21, 22, 24, 26,

27, and 28 of Plaintiff s complaint in Jones III with paragraphs 35-41 of his affidavit in

Jones II makes it clear that a court has already considered these claims.").  The Court

disagrees.

Plaintiff asserts in the instant action that he was discriminated against beginning in

August of 2012.  See Compl. ¶¶ 20-28.  Assuming for present purposes that these

allegations are true, Plaintiff complains of conduct that occurred after the conduct alleged

---

[2]The exception to this rule is a dismissal for administrative convenience made before the administrative agency renders a decision on the complaint.  This exception does not apply in this case.

in Jones II, which was commenced on February 1, 2011.  Thus, while Judge Scullin may have considered the current allegations via Plaintiff's affidavit in reaching his decision on the defendants' summary judgment motion, that decision was whether the claims asserted in the Jones II complaint should be dismissed.  The absence of an amendment to the Jones II complaint adding the current claims, or evidence that Plaintiff's current claims are factually the same as the Jones II claims, prevents the application of the doctrines of *res judicata* and/or collateral estoppel. Thus, Defendants' motion on this ground is denied.

### e.  Title VII Failure to Promote Claims

Defendants contend that Plaintiff fails to allege facts supporting plausible Title VII "failure to promote" claims.  The Court agrees.

Title VII makes it unlawful for employers to discriminate against their employees because of their race with respect to their terms and conditions of employment. See 42 U.S.C. § 2000e–2(a)(1). To establish a *prima facie* case of discriminatory failure to promote under Title VII, Plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he applied for an available position for which he was qualified; (3) he was denied the promotion; and (4) the denial occurred under circumstances giving rise to an inference of discrimination.  Howley v. Town of Stratford, 217 F.3d 141, 150 (2d Cir. 2000)(citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802,  93 S. Ct 1817, 36 L. Ed.2d 668 (1973)).  "[A] *prima facie* case cannot be established merely with evidence that a plaintiff generally requested promotion consideration." Petrosino v. Bell Atlantic, 385 F.3d 210, 226-27 (2d Cir. 2004).  Moreover, Plaintiff must allege that he "was rejected under circumstances which give rise to an inference of unlawful discrimination." Brown v. Coach

Stores, Inc., 163 F.3d 706, 710 (2d Cir. 1998)(internal quotation marks omitted).

It is well settled that at the pleading stage, Plaintiff is not required to plead facts showing a *prima facie* case of discrimination. Swierkiewicz, 534 U.S. at 511; see also Jackson v. NYS Dep't of Labor, 709 F. Supp.2d 218, 223–24 (S.D.N.Y.2010) ("In the context of a discrimination claim, the Iqbal plausibility standard applies in conjunction with employment discrimination pleading standards.") (internal quotation marks omitted); see also Meyer v. New York Office of Mental Health, 2014 WL 1767818, at * 3 (E.D.N.Y. May 2, 2014).[3] "However, the elements of a *prima facie* case 'provide an outline of what is necessary to render [a plaintiff's employment discrimination] claims for relief plausible.'" Awad v. City of New York, 2014 WL 1814114, at *2 (E.D.N.Y. May 07, 2014)(quoting Humphries v. City Univ. of New York, 2013 WL 6196561, at *6 (S.D.N.Y. Nov. 26, 2013)).

In the Complaint, Plaintiff alleges that "Defendants . . . conspired and initiated a concerted effort to deny Plaintiff any promotion, and in particular, to foiled [sic] Plaintiff's

---

[3]As recently explained by the Eastern District of New York:

"The *prima facie* case under McDonnell Douglas ... is an evidentiary standard, not a pleading requirement." [Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-11, 14 (2002)]; see Boykin v. KeyCorp., 521 F.3d 202, 212 (2d Cir. 2008). Accordingly, at the pleading stage, a plaintiff is not required to plead facts sufficient to establish a *prima facie* case, and need only allege sufficient facts to give the defendant "fair notice of the basis for [plaintiff's] claims." Boykin, 521 F.3d at 212. Consistent with this approach, the Second Circuit has affirmed that there is no heightened pleading requirement in employment discrimination cases, even after Twombly and Iqbal. See DiPetto v. U.S. Postal Serv., 383 Fed. App'x 102, 103 (2d Cir. 2010) (summary order). As the Supreme Court explained in Swierkiewicz, imposing a heightened pleading standard in employment discrimination cases would be inappropriate because these cases frequently involve facts not available to a plaintiff at the pleading stage. See Swierkiewicz, 534 U.S. at 512 ("Before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required *prima facie* case in a particular case. Given that the *prima facie* case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases."); see also Leibowitz v. Cornell Univ., 445 F.3d 586, 592 (2d Cir. 2006) ("'[T]he Federal Rules do not contain a heightened pleading standard for employment discrimination suits[.]'")(quoting Swierkiewicz, 534 U.S. at 515).

Meyer v. New York Office of Mental Health, Slip Copy, 2014 WL 1767818, at * 3 (E.D.N.Y. May 2, 2014).

stated desire to be promoted for the position of 'Plant Operator' on a temporary or permanent basis." Compl. ¶ 20. He further alleges that he "was subjected to disparate and discriminatory treatment and Defendants engaged in a thinly veiled attempt to give the fallacy of fair treatment, while consistently denying Plaintiff a position which was awarded to less qualified and in some cases less senior to the Plaintiff and awarded to Caucasian employees who were not qualified to fill positions which Plaintiff was adequately qualified." Compl. ¶ 33.

Yet, Plaintiff has not asserted that he actually applied for any open "Plant Operator" position, nor has he identified any individual of a different race who was awarded such a position and who was less qualified and/or less senior than Plaintiff. Thus the allegations in the Complaint do little more than create to suspicion that Plaintiff was denied a promotion under circumstances giving rise to inference of unlawful discrimination, but do not provide facts supporting a plausible "failure to promote" claim. Inasmuch as it is possible that Plaintiff could plead facts setting forth a plausible claim, or claims, of discriminatory failure to promote, such claims are dismissed without prejudice to re-pleading.

### f. Title VII Retaliation Claims

Next, Defendants argue that Plaintiff's Title VII retaliation claims should be dismissed. The Court disagrees.

Title VII's anti-retaliation provision makes it unlawful "for an employer to discriminate against any ... employee ... because [that employee] opposed any practice" made unlawful by Title VII or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C.

§2000e-3(a).   To establish a *prima facie* case of unlawful retaliation under Title VII, a

plaintiff must show that "(1) [he] was engaged in protected activity; (2) [his] employer was

aware of that activity; (3) [he] suffered an adverse employment action; and (4) there was a

causal connection between the protected activity and the adverse employment action."

Distasio v. Perkin Elmer Corp., 157 F.3d 55, 66 (2d Cir.1998).   As indicated above, a

plaintiff need not plead a *prima facie* case in the complaint but only needs to give

Defendants "fair notice of the basis for [his] claims." Swierkiewicz, 534 U.S. at 514.

Nevertheless, a court may still consider the elements of a *prima facie* case to determine

whether Plaintiff has given "fair notice" of his claim.  See Corbett v. Napolitano, 897

F.Supp.2d 96, 111 (E.D.N.Y. 2012) (citing cases).

Regarding his claims of retaliation, Plaintiff alleges:

24. In August 2012 Plaintiff filed a union grievance stating " ... OCRRA bypassed
employees with the qualifications necessary for the position of Plant Operator and
placed a more senior employee without necessary qualifications for the position ... "

25. On August 16, 2012, Plaintiff filed a discrimination complaint with Defendant
Nosik.

26.  Defendant OCRRA retaliated against Plaintiff by disciplining Plaintiff after
Plaintiff requested Defendant OCRRA view a video recording which would allegedly
confirm Plaintiff's charge of racial discrimination against Plaintiff.

27. On or about August 19, 2012, Plaintiff received a Right To Sue letter from the
EEOC dated August 16, 2012,[4] for claims under Title VII of the Civil Rights Act then
subsequently Defendant OCRRA created a new training policy which was not in
compliance with Civil Service requirements and State and Federal regulations later
in August 2012, clearly discriminating against Plaintiff.

28. Defendant OCRRA used intimidation tactics against OCRRA employees,
including but not limited to Ronald Boardway, fabricating instances and incidents

---

[4]This appears to be a typographical error in that the EEOC Right to Sue letter attached to the
complaint is dated August, 16, 2013.

against Plaintiff which were later unsubstantiated by the facts on December 4, 2012. Defendant Donnelly stated in a hearing in December 2012 that Plaintiff was forbidden to speak out about the situation with Mr. Boardway, clearly a violation of the Plaintiff's freedom of speech as granted by the United States Constitution and Bill of Rights.

29. Defendant OCRRA conducted a survey in March 2013 with the results showing nearly one-third of the Defendant's workforce felt that they were not being treated fairly on many levels, and Defendants have yet to correct any issues pertaining to this widespread behavior by Defendant against Plaintiff and fellow employees.

* * *

50. Plaintiff complained of discriminatory and disparate treatment in the opportunity for promotion and higher pay given to African-American employees, including the Plaintiff, to Defendants, individually and collectively.

51. Defendants, individually and/or collectively, engaged in a deliberate campaign to deny Plaintiff assignments for promotion and higher pay, which he was certified and qualified to engage in, engaged in a deliberate campaign to discipline and punish Plaintiff through unwarranted charges; based upon false and mischaracterized statements and facts, thereby subjecting Plaintiff to a discriminatory and hostile work environment, deprivation of higher pay, unwarranted disciplinary actions, fear and intimidation, embarrassment and humiliation, meant to punish Plaintiff and force Plaintiff from workplace.

52. These actions constitute retaliation and a materially adverse employment action.

Compl. ¶¶ 24-29, 50-52.

The only plausible protected actions *potentially* sufficient to form the basis of a

Title VII retaliation claim are Plaintiff's August 16, 2012 "complaint with Defendant Nosik"

(Compl. ¶ 24), and his undated complaint "of discriminatory and disparate treatment in the

opportunity for promotion and higher pay given to African-American employees, including

the Plaintiff, to Defendants, individually and collectively." (Compl., ¶ 50). See 42 U.S.C. §

2000e–3(a)(An employee engages in a "protected activity" when "he has opposed any

[unlawful discriminatory practice] ..., or because he has made a charge, testified, assisted,

or participated in any manner in an investigation, proceeding, or hearing."); Rodas v. Town of Farmington, 13-388-CV, 2014 WL 2056325, at * 1 (2d Cir. May 20, 2014)("Protected activity for purposes of Title VII and NYSHRL retaliation claims encompasses an employee's complaint to supervisors about alleged unlawful activity, even if the activity turned out not to be unlawful, provided that the employee 'had a good faith, reasonable belief that he was opposing an employment practice made unlawful by Title VII.'")(quoting McMenemy v. City of Rochester, 241 F.3d 279, 285 (2d Cir.2001)).[5]

The allegations that the employer retaliated by: disciplining Plaintiff after he asked OCRRA to view a video purportedly related to his claim of discrimination; "fabricat[ing] instances and incidents against Plaintiff which were later unsubstantiated by the facts;" taking action that Plaintiff felt was in violation of his right to freedom of speech; and "engag[ing] in a deliberate campaign to deny Plaintiff assignments for promotion and higher pay . . . [and] a deliberate campaign to discipline and punish Plaintiff through unwarranted charges," are sufficient to state an adverse employment action. See Burlington N. & Sante Fe Ry. v. White, 548 U.S. 53, 68 (2006)(Actions are materially adverse when they "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.") (internal quotation marks omitted); Rivera v. Rochester Genesee Reg'l Transp. Auth., 743 F.3d 11, 26 (2d Cir. 2014) (concluding that disciplinary citations, assignment to drive dirtier buses, one late overtime payment, and

---

[5]Plaintiff's allegation at ¶ 24 regarding the filing a union grievance does not indicate whether he complained of unlawful discriminatory conduct or whether he complained of a violation of his union contract. The Right to Sue Letter referenced in ¶ 27 apparently occurred after the alleged retaliatory conduct and thus cannot form the basis of a retaliation claim. Nakis v. Potter, 422 F. Supp.2d 398, 423 (S.D.N.Y. 2006)(The alleged protected activity must predate evidence of the alleged retaliatory animus. ).

refusal to be provided with half-day off for doctor's appointment did not rise to level of materially adverse actions for retaliation claim); Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d 556, 568–72 (2d Cir. 2011)(holding that investigatory sessions, counseling, threats of termination, hostile behavior during meeting, being made to come to work on day off under false pretenses, and being switched to night shift were not materially adverse actions for retaliation claim).

Whether the alleged acts of retaliation were causally related to the alleged protected conduct, see Univ. of Tex. Southwestern Med. Ctr. v. Nassar, ⎯⎯ U.S. ⎯⎯, 133 S. Ct. 2517, 2533, 186 L. Ed.2d 503 (2013),[6] is a matter of proof that is not susceptible to resolution at this stage of the proceedings. See e.g. Zann Kwan v. Andalex Group LLC, 737 F.3d 834, 845 (2d Cir. 2013)(The but-for causation standard "does not alter the plaintiff's ability to demonstrate causation at the *prima facie* stage on summary judgment."). Thus, despite that Plaintiff's retaliation claims barely provide plausible factual allegations supporting a *prima facie* case of retaliation because the allegations are so vague and conclusory, they do give Defendants fair notice of the basis for Plaintiff's claims. Discovery can be used to delineate and define these issues, and a motion for summary judgment can be made if it is contended after discovery that the claims are insufficient. The current motion in this regard is denied.

### g. Title VII Hostile Work Environment Claims

Defendants argue that Plaintiff's Title VII hostile work environment claims are

_____

[6]The Supreme Court recently held that "Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test .... [t]his requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." Univ. of Tex. Southwestern Med. Ctr. v. Nassar, ⎯⎯ U.S. ⎯⎯, 133 S. Ct. 2517, 2533, 186 L. Ed.2d 503 (2013).

barred because Plaintiff failed to allege them in his administrative complaint.  The Court
agrees.

     An aggrieved employee wishing to bring a Title VII claim in federal court for conduct
that occurred in New York must first exhaust administrative remedies by filing a complaint
with the EEOC or the NYSDHR within 300 days of the alleged discriminatory act or acts.
See 42 U.S.C. § 2000e et seq.; Williams v. N.Y. City Hous. Auth., 458 F.3d 67, 69 (2d Cir.
2006); see Farren v. Shaw Envtl., Inc., 510 Fed. Appx. 44, 45 (2d Cir. 2013)("'Before an
individual may bring a Title VII suit in federal court, the claims forming the basis of such a
suit must first be presented in a complaint to the EEOC or the equivalent state agency.'")
(quoting Williams v. N.Y.C. Hous. Auth., 458 F.3d 67, 69 (2d Cir. 2006)).  "The
requirement that administrative remedies be exhausted is designed 'to give the
administrative agency the opportunity to investigate, mediate, and take remedial action.'"
White v.  N.Y.C. Dept.  Of Educ., 2008 WL 4507614, at *2 (E.D.N.Y. Sept.  30,
2008)(quoting Stewart v. United States Immigration & Naturalization Serv., 762 F.2d 193,
198 (2d Cir.1985) and citing Butts v. City of New York Dep't of Hous. Pres. & Dev., 990
F.2d 1397, 1401 (2d Cir.1993), superseded on other grounds by Hawkins v. 1115 Legal
Serv. Care, 163 F.3d 684 (2d Cir. 1998)); see DeBerry v. Brookdale University Hosp. and
Medical Center, --- F. Supp.2d ----, 2014 WL 1330857, at *5 (E.D.N.Y. March 31, 2014).[7]
Thus, a district court may only hear Title VII claims that were included in a timely EEOC or
NYSDHR charge, or that are "reasonably related" to the discrimination alleged in the

---

[7] ("The purpose of the exhaustion requirement - namely, to encourage settlement of discrimination
disputes through conciliation and voluntary compliance - would be defeated if a plaintiff could litigate a claim
not previously presented to the EEOC.  Accordingly, failure to file a timely administrative charge with the
EEOC extinguishes the claim and prohibits recovery.")(citing Miller v. Int'l Tel. & Tel., 755 F.2d 20, 26 (2d
Cir.1985)).

EEOC or NYSDHR charge.  <u>Deravin v. Kerik</u>, 335 F.3d 195, 200 (2d Cir. 2003); <u>Legnani v. Alitalia Linee Aeree Italiane, S.P.A.</u>, 274 F.3d 683, 686 (2d Cir. 2001) (*per curiam*).

Unexhausted claims are "reasonably related" where (1) "the conduct complained of would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination'"; (2) the plaintiff is "alleging retaliation by an employer against an employee for filing an EEOC charge"; and (3) "a plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." <u>Butts</u>, 990 F.2d at 1402–03 (quotation and other citations omitted). Plaintiff's hostile work environment claims do not fall under the second or third exception because the claims do not allege either a hostile work environment carried out because of Plaintiff's NYSDHR/EEOC complaint or further incidents of discrimination committed after this administrative filing. <u>See</u> Compl. ¶¶ 21-22, 32-36, 40-45.   Thus, to be heard, the claims must be deemed "reasonably related" in the sense that the conduct complained of would fall within the scope of any  EEOC investigation which can reasonably be expected to grow out of the charge that was made. "In this inquiry, the focus should be on the factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving. The central question is whether the complaint filed with the EEOC gave that agency adequate notice to investigate discrimination on both bases." <u>Ximines v. George Wingate High School</u>, 516 F.3d 156, 158 (2d Cir. 2008)(internal citations, alterations, and quotations marks omitted)).

Plaintiff's administrative complaint alleges only that he was "subjected to unlawful discrimination, retaliation and disparate treatment in the . . . workplace for . . . 5 ½ years." Admin. Compl., ¶ 1.  The "discrimination, retaliation and disparate treatment" alleged in

the administrative complaint is in the nature of being passed over for promotions, denied training opportunities, having his discrimination complaints dismissed, and being retaliated against by way of disciplinary actions after he filed complaints of discrimination (other than the NYSDHR/EEOC administrative complaint that forms the basis of the instant action). Id. ¶¶ 1 - 14.  While Plaintiff alleges in one sentence near the end of his administrative complaint that "[b]ased on the foregoing, I charge respondents with an unlawful discriminatory practice relating to employment because of opposed [*sic*] discrimination, denied training opportunities and harassment in violation of the New York State Human Rights Law . . . [and] Title VII," id. p. 5,  there are no allegations that Plaintiff was subjected to a hostile work environment, or if he was, that it was motivated by considerations of his race.  Rather, the focus of the administrative complaint with regard to conduct Plaintiff deemed to be "harassing" was as discrete acts of retaliation to Plaintiff's complaints of discrimination following his denial of promotional opportunities.  While Plaintiff does allege that he was subjected to discrimination for "5 ½ years," he does not allege that the conduct was "sufficiently severe or pervasive" such to alter the conditions his employment as required to make out such a claim. Feingold v. New York, 366 F.3d 138, 149 (2d Cir. 2004); see  Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993); see also  Alfano v. Costello, 294 F.3d 365, 376 (2d Cir. 2002)("the twelve incidents cited by [plaintiff], taken together, [we]re insufficient as a matter of law to meet the threshold of severity or pervasiveness required for a hostile work environment"); Williams v. Cnty. of Westchester, 171 F.3d 98, 100 (2d Cir. 1999) (plaintiff must show "more than a few isolated incidents" and that "evidence solely of sporadic" discrimination does not suffice) (quotation marks and citation omitted).

18

Here, as in <u>Jones II</u>, "[a]fter liberally construing Plaintiff's administrative complaint, the Court finds that Plaintiff neither mentioned a hostile work environment explicitly nor alleged any facts to suggest that he was claiming a hostile work environment. . . . Therefore, the Court concludes that NYSDHR lacked notice that Plaintiff was alleging an unlawful hostile work environment claim and that such a claim would not have fallen within the scope of NYSDHR's investigation." <u>Jones</u>, 973 F. Supp.2d at 170.  Indeed, the NYSDHR's investigation and decision did not entail an analysis of any claim of a hostile work environment.  Accordingly, the Court grants Defendants' motion with respect to Plaintiff's Title VII hostile work environment claims on the ground that Plaintiff failed to exhaust his administrative remedies with respect to such claims. The claims are dismissed with prejudice.

### h.  Section 1983 Claims

Defendants move to dismiss Plaintiff's Section 1983 claims, arguing that Plaintiff has failed to allege any policy statement, ordinance, regulation or officially adapted decision pursuant to any governmental custom sufficient to give rise to municipal liability on the part of OCRRA, and that Plaintiff has failed to sufficiently allege the personal involvement of each individual defendant in an alleged constitutional violation. The Court agrees.

### 1.  Section 1983

Section 1983 provides, in pertinent part, that "[e]very person who, under color of any statute, ordinance, [or] regulation ... of any State ..., subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law...." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must establish, by a preponderance of the evidence, that (1) the defendant was acting under color of state law; (2) the defendant's conduct deprived the plaintiff of a federal right secured by the Constitution or federal statute; and (3) the defendant's conduct caused an injury to the plaintiff." Jones v. Onondaga Cnty. Res. Recovery Agency, 973 F. Supp. 2d 159, 166 (N.D.N.Y. 2013) (citing O'Neil v. Bebee, 5:09–CV–1133, 2010 WL 502948, *4–*5, 2010 U.S. Dist. LEXIS 11639, *18–*19 (N.D.N.Y. Feb. 10, 2010)).

### 2. Monell Liability

A municipality may be held liable under Section 1983 for its employees' alleged constitutional violations only if the alleged conduct was undertaken pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [its] officers" or a "governmental 'custom' even though such a custom has not received formal approval through [ ] official decisionmaking channels." Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "To show a policy, custom, or practice, the plaintiff need not identify an express rule or regulation." Patterson, 375 F.3d at 226. Rather, it is "sufficient to show ... that a discriminatory practice of a municipal official was so 'persistent or widespread' as to constitute 'a custom or usage with the force of law,' or that a discriminatory practice of subordinate employees was so manifest as to imply the constructive acquiescence of senior policy-making officials." Id. (internal citations omitted).

Plaintiff has not alleged that OCRRA employees' unconstitutional conduct was undertaken as part of OCRAA's custom or practice of denying equal protection to Plaintiff

and others based on their race; that these practices were so persistent and widespread that they constitute the constructive acquiescence of policymakers; or that the individual policymakers directly participated in and/or tacitly condoned the discrimination. Accordingly, the Section 1983 claims against OCRAA are dismissed without prejudice to re-pleading.

### 3.  Personal Involvement

A Section 1983 claim must allege the personal involvement of any individual defendant in the purported constitutional deprivation. <u>Farid v. Ellen</u>, 593 F.3d 233, 249 (2d Cir. 2010) (quotation marks and citation omitted); <u>see also</u> <u>Middleton v. City of New York</u>, 2006 WL 1720400, at *13 (E.D.N.Y. June 19, 2006)("It is well-settled in [the Second Circuit] that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.")(quoting <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir.1994)) (internal quotation marks omitted, alteration in the original).

To the extent Plaintiff alleges that "Defendants, individually and/or collectively, conspired and initiated a concerted effort" to deny him promotion; to discipline him; to terminate him;[8] or to "to instigate Plaintiff into action which in turn could be used to terminate Plaintiff's employment," the allegations are wholly conclusory and fail to present plausible facts supporting individual or conspiratorial  Section 1983 liability. <u>See</u> <u>Vega v. Artus</u>, 610 F. Supp. 2d 185, 202-03 (N.D.N.Y. 2009).[9]

---

[8]Defendants contend that Plaintiff was not terminated.

[9]("To survive a motion to dismiss, a conspiracy claim under 42 U.S.C. § 1983 must allege facts plausibly suggesting that (1) an agreement existed between two or more state actors to act in concert to inflict an unconstitutional injury on plaintiff, and (2) an overt act was committed in furtherance of that goal. *Ciambriello v. County of Nassau,* 292 F.3d 307, 324–25 (2d Cir.2002); *see also Concepcion v. City of New*

(continued...)

21

Further, Plaintiff has made no factual allegations concerning actions taken by

Defendants Barrett, Bulsiewicz, Copanas, Nosik,[10] and Raman.  The allegations

concerning Defendants Donnelly and Fontanella lack any contention that either took action

against Plaintiff because of considerations of his race.  Further, there is no allegation that

either was a municipal official who had final policymaking authority.  Accordingly, Plaintiff's

Section 1983 claims against all  individual defendants are dismissed without prejudice to

re-pleading.

### i.  Section 1981

As indicated above, Plaintiff asserts in his introductory paragraph that he brings the

instant action pursuant to, *inter alia*, 42 U.S.C. § 1981, Compl. ¶ 1, but he does not

provide a cause of action or specific allegations directed to a Section 1981 claim.

Moreover, for the reasons discussed above with regard to the Section 1983 claims,

Plaintiff's Section 1981 claims, if such claims are asserted, must be dismissed.  See

Edwards v. Jericho Union Free School Dist., 904 F. Supp.2d 294, 310 (E.D.N.Y. 2012)(To

establish municipal liability for a Section 1981 claim, a plaintiff must meet the standards

articulated by Monell and its progeny.)(citing Jett v. Dallas Independent School District,

---

[9](...continued)
*York,* No. 05 Civ. 8501, 2008 WL 2020363, at *5 (affirming the continued viability of the *Ciambriello* standards
when analyzing a conspiracy claim *vis a vis* a motion to dismiss). Vague and conclusory allegations *203 that
defendants have engaged in a conspiracy must be dismissed. *Ciambriello,* 292 F.3d at 325; *see also
Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir.1983) ("A complaint containing only conclusory, vague, or
general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to
dismiss."). Moreover, a Section 1983 conspiracy claim must not only allege a conspiracy, but the "actual
deprivation of constitutional rights." *Romer v. Morgenthau,* 119 F.Supp.2d 346, 363–64 (S.D.N.Y.2000) (citing
*Malsh v. Austin,* 901 F.Supp. 757, 765 [S.D.N.Y.1995] ). "Thus, if a plaintiff cannot sufficiently allege a
violation of his rights, it follows that he cannot sustain a claim of conspiracy to violate those rights." *See id.* ")

[10]Plaintiff alleges only that he "filed a discrimination complaint with Defendant Nosik," Compl. ¶ 25,
but he makes no allegations of specific conduct by Nosik.

491 U.S. 701, 735-36, 109 S. Ct. 2702, 105 L. Ed.2d 598 (1989)); <u>Jones</u>, 973 F. Supp.2d at 165 ("To establish a claim under § 1981, a plaintiff must show that (1) he is a member of a minority race; (2) that the defendant intended to discriminate against him because of his race; and (3) he was subjected to discrimination concerning one or more of the activities enumerated in § 1981.")(citing <u>Lauture v. Int'l Bus. Machs. Corp.</u>, 216 F.3d 258, 261 (2d Cir. 2000)).  Accordingly, Plaintiff's Section 1981 claims, if any are asserted, are dismissed without prejudice to re-pleading.

## V.    DISCUSSION - SANCTIONS MOTION

Defendants move for sanctions against Plaintiff pursuant to Fed. R. Civ. P. 11 for including in the instant action Title VII claims against the individual Defendants, and NYSHRL claims that were ruled upon by the NYSDHR.  Defendants' attorney served on Plaintiff  a "safe harbor" letter asking that Plaintiff voluntarily withdraw, *inter alia*, these claims.  Defendants have also cited to the previous decisions by Judge Scullin dismissing identical claims by Plaintiff under identical circumstances; Plaintiff's deposition testimony in <u>Jones II</u> where he indicated that he was aware of prior Court actions dismissing such claims and action by his prior counsel withdrawing such claims <u>Jones I</u>; and a statement purportedly left by Plaintiff on Defendants' attorney's voice mail indicating that Plaintiff "had nothing to lose" by pursuing the instant claims.  Plaintiff opposes the Rule 11 motion arguing, essentially, that he has a factual basis for his discrimination claims.

Under Rule 11, the Court may impose sanctions against an attorney or a party who files a pleading for an improper reason, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," or when there is no legitimate legal basis to

support the pleading.  FED. R. CIV. P. 11(c).   Rule 11(b) mandates, *inter alia*, that a party's

"claims, defenses, and other legal contentions are warranted by existing law or by a

nonfrivolous argument" and that the parties' "factual contentions have evidentiary support."

See Fed. R. Civ. Proc. 11(b)(2)-(3).  "'The standard for triggering the award of fees under

Rule 11 is objective unreasonableness,' and is not based on the subjective beliefs of the

person making the statement."  Storey v. Cello Holdings, LLC, 347 F.3d 370, 387 (2d Cir.

2003) (quoting Margo v. Weiss, 213 F.3d 55, 65 (2d Cir. 2000)).  "Although the imposition

of sanctions is within the province of the district court, any such decision should be made

with restraint and discretion."  Pannonia Farms, Inc. v. USA Cable, 426 F.3d 650, 652 (2d

Cir. 2005) (internal quotation marks and citation and alteration omitted); see also Fuerst v.

Fuerst, 832 F. Supp.2d 210, 218 (E.D.N.Y. 2011)("The Second Circuit has cautioned that

Rule 11 sanctions should be 'made with restraint', and, even where a court determines

that Rule 11(b) has been violated, the decision whether to impose sanctions is not

mandatory, but rather is a matter for the court's discretion.")*(citing inter alia* Schlaifer

Nance & Co. v. Estate of Warhol, 194 F.3d 323, 333 (2d Cir.1999)); MacDraw, Inc. v. CIT

Grp. Equip. Fin., Inc., 73 F.3d 1253, 1259 (2d Cir.1996) (noting that "Rule 11 sanctions

must be imposed with caution").

     Based upon his prior litigation, Plaintiff reasonably should have been aware that he

could not pursue Title VII claims against individual defendants, and that once the

NYSDHR ruled upon his NYSHRL claims he was barred by the doctrine of election of

remedies from pursing those claims in this court.  Thus, it was objectively unreasonable to

assert such claims in this action.  However, the Court will exercise its discretion and deny

the motion for sanctions based upon the fact that Defendants' counsel's "safe harbor"

24

letter requests that Plaintiff withdraw all of his claims asserted in the Complaint. It is possible that Plaintiff read the "safe harbor" letter as an "all or nothing" proposition and did not understand that he could withdraw selected claims to avoid the imposition of sanctions. Inasmuch as some claims remain viable (or potentially viable depending on the facts that may be re-pleaded), and affording Plaintiff the benefit of the doubt regarding the interpretation of the "safe harbor letter" because of Plaintiff's *pro se* status, the Court elects to deny the motion for sanctions. Nonetheless, Plaintiff is **strongly cautioned** that similar such conduct in the future may be interpreted by this or another court as violating Rule 11 and thereby warrant sanctions.

## VI. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12 [dkt. # 18] is **GRANTED in part and DENIED in part**. The following claims are **dismissed with prejudice**: all Title VII claims against the individual defendants; all New York State Human Rights Law claims against all defendants; and all Title VII hostile work environment claims against OCRRA. The following claims are **dismissed without prejudice to re-pleading**: all Title VII "failure to promote" claims against OCRRA; all Section 1983 claims; and all Section 1981 claims. The motion is denied with regard to Plaintiff's Title VII "retaliation" claims against OCRRA. If Plaintiff elects to re-plead the claims that are dismissed without prejudice, he must do so in accordance with Fed. R. Civ. P. 15 and he must act within thirty (30) days of the date of this Decision and Order.

Defendants' motion for sanctions against Plaintiff pursuant to Fed. R. Civ. P. 11

[dkt. # 21] is **DENIED**.

**IT IS SO ORDERED.**

**Dated:** June 3, 2014

Thomas J. McAvoy
Senior, U.S. District Judge